UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BERNARION VANLEER,<br><br>Plaintiff,<br><br>v.<br><br>R. MCKINNEY, *et al.*,<br><br>Defendants. | Case No. 25-10861<br>Honorable Terrence G. Berg<br>Magistrate Judge Elizabeth A. Stafford |

# ORDER DIRECTING U.S. MARSHALS SERVICE TO SERVE DEFENDANTS JOHNSON AND BRANT AND TO USE REASONABLE EFFORTS TO SERVE DEFENDANT BROWN

Plaintiff Bernarion VanLeer, proceeding pro se, was granted leave to proceed in forma pauperis, and the United States Marshals Service (USMS) was directed to serve defendants. ECF No. 4. Service has not yet taken place for Defendants Jamie Brown, Robert Brant, or Alton Johnson. Defense counsel has informed the Court that Brant and Johnson are current employees of the Michigan Department of Corrections (MDOC). Thus, the USMS is **ORDERED** to send service waivers for those two defendants to the MDOC electronic mailbox.

Defense counsel also informed the Court that Brown is no longer employed by MDOC. Twenty-eight U.S.C. § 1915(d) requires that officers

of the court "issue and serve process" when a plaintiff is proceeding in forma pauperis, and Federal Rule of Civil Procedure 4(c)(3) provides that the court appoint the USMS to serve process in these cases.  Together, Rule 4(c)(3) and 28 U.S.C. § 1915(d) "stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process."  *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (cleaned up); *see also Donaldson v. United States*, 35 F. App'x 184, 185 (6th Cir. 2002) (holding that the district court has a statutory responsibility to issue an in forma pauperis plaintiff's service to the USMS).

The USMS must use reasonable efforts to locate and personally serve Brown within 60 days.  *See Johnson v. Herren*, No. 2:13-cv-583, 2013 WL6410447, at *2-4 (S.D. Ohio Dec. 9, 2013) (ordering the USMS to take reasonable steps to locate the defendant's address through an internet search and by consulting defendant's former employer); *Reed-Bey v. Pramstaller*, No. 06-CV-10934, 2013 WL 1183301, at *2 (E.D. Mich. Mar. 21, 2013) (USMS was ordered to personally serve the defendants after a fourth waiver request was returned unexecuted).  Although Brown is not employed by MDOC, counsel provided his confidential home address,

which the Court will share with the USMS.  The USMS must inform the Court of the results of its attempt to personally serve Brown by **October 13, 2025**.

|  |  |
|---|---|
| Dated: August 14, 2025 | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 14, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager