UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BERNARION VANLEER,<br><br>                Plaintiff,<br><br>v.<br><br>LAWRENCE MCKINNEY, *et al.*,<br><br>                Defendants. | Case No. 25-cv-10861<br>Honorable Terrence G. Berg<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING DEFENDANTS' MOTION TO
STRIKE PLAINTIFF'S SUR-REPLY AND DENYING PLAINTIFF'S
MOTION FOR ANOTHER SUR-REPLY
(ECF NOS. 30, 32)**

Plaintiff Bernarion VanLeer, proceeding *pro se*, filed a sur-reply to defendants' motion for summary judgment.  ECF No. 29.  Defendants move to strike the sur-reply.  ECF No. 30.

The general rule is that a non-moving party has no right to respond to a reply brief, and thus the applicable local rule does not allow for a sur-reply.  *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); E.D. Mich. LR 7.1.  Because the moving party is entitled to the last word on the matter, sur-replies are highly disfavored when the moving "party's reply did not raise any new legal arguments or introduce new evidence."  *Liberty*

*Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012). Thus, the party wishing to file a sur-reply must file a motion for leave that sets forth "good cause." *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835 (S.D. Ohio 2019)

Although VanLeer filed no motion for leave, good cause justifies filing the sur-reply. Defendants' reply attached an affidavit from a grievance coordinator stating that VanLeer was never placed on modified access to the grievance process. ECF No. 22, PageID.89; ECF No. 23. VanLeer's sur-reply repeats many of the same arguments already made in his other filings but attaches a memorandum approving VanLeer's placement on modified status during the relevant period. ECF No. 29. Defendants are not prejudiced by consideration of the sur-reply, as the Court has rejected VanLeer's argument that his placement on modified access rendered the grievance process unavailable. As such, the Court **DENIES** defendants' motion to strike (ECF No. 30).

VanLeer moves for leave to file another sur-reply or to take a deposition to develop the record about his placement on modified access. Because the Court considered VanLeer's first sur-reply and assumed in its report and recommendation that VanLeer was on modified access, another

sur-reply is not warranted. Thus, his motion for leave to file another sur-reply is **DENIED**. ECF No. 32.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: December 8, 2025

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 8, 2025.

s/Davon Allen<br>
DAVON ALLEN<br>
Case Manager