UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BERNARION VANLEER,** | **2:25-CV-10861-TGB-EAS** |
| Plaintiff, | HON. TERRENCE G. BERG |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS DEFENDANTS BRANT AND JOHNSON (ECF NO. 34),** |
| **LAWRENCE MCKINNEY, *et al.*,** | |
| Defendants. | **ADOPTING REPORT AND RECOMMENDATION (ECF NO. 35) TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 12 & 18) AND DENY PLAINTIFF'S MOTION IN OPPOSITION (ECF NO. 21),** |
| | **AND OVERRULING PLAINTIFF'S OBJECTION (ECF NO. 40)** |

This matter is before the Court on two of Magistrate Judge Elizabeth A. Stafford's Reports and Recommendations dated December 8, 2025 (ECF Nos. 34 & 35). The first Report and Recommendation (ECF No. 34) recommends that Defendants Brant and Johnson be dismissed from the action. The second Report and Recommendation (ECF No. 35) recommends that Defendants' two Motions for Summary Judgment (ECF Nos. 12 & 18) be granted in part and denied in part and Plaintiff's Motion

in Opposition (ECF No. 21) be denied. Plaintiff has filed a document titled "Motion for Reconsideration"[1] in which he objects to the second Report and Recommendation (ECF No. 35) recommending dismissal based on failure to exhaust administrative remedies. ECF Nos. 39 & 40. Plaintiff did not object to the first Report and Recommendation (ECF No. 34). Defendants neither objected to the reports nor responded to Plaintiff's objection.

For the reasons that follow, the Court will **OVERRULE** Plaintiff's objection and **ACCEPT** and **ADOPT** both of Judge Stafford's December 8, 2025 Reports and Recommendations (ECF Nos. 34 & 35).

## I. BACKGROUND

On February 24, 2025, Plaintiff Bernarion VanLeer, a prisoner proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983 against Defendants McKinney, Shell, Brown, Ford, Van, Reily, Brant, Johnson, Fallon, Newland, Shipman, Dungy, and Jennings. ECF No. 1. VanLeer alleges that, in September 2023, he was denied

---

[1] Although the Motion is labeled as a motion for reconsideration, it consists of Plaintiff's objections to the Magistrate Judge's second Report and Recommendation (ECF No. 35). "The Court should treat the Motion as objections made under Fed. R. Civ. P. 72 because (1) that is what they are in substance and (2) [Plaintiff] has not filed any document labeled 'objections' directed to the [December 8, 2025] Report and the time for doing [so] expired," such that "[t]reating the Motion as objections under Fed. R. Civ. P. 72 is consistent with the Court's duty to liberally construe *pro se* filings." *See Shine-Johnson v. Warden*, 2023 U.S. Dist. LEXIS 126635, *1-2 (S.D. Ohio July 20, 2023).

medical care while incarcerated at the Macomb Correctional Facility and that prison staff retaliated against him for requesting medical attention by putting him in segregation. ECF No. 1, PageID.2-4. The same month, he was falsely accused of parole violations and was held in custody, where he was also denied medical care and the return of his property. *Id.* at PageID.4. VanLeer also claims he was again incarcerated for false parole violations in December 2023. *Id.* at PageID.5.

On June 2, 2025, and June 30, 2025, Defendants moved for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies. ECF Nos. 12 & 18. Plaintiff filed a Motion in Opposition. ECF No. 21.

### A. Failure to Serve Defendants Brant and Johnson

On December 8, 2025, Magistrate Judge Elizabeth Stafford recommended dismissing VanLeer's claims against Defendants Brant and Johnson for failure to serve them under Fed. R. Civ. P. 4(m). ECF No. 34, PageID.173.

Plaintiff filed his Complaint on February 24, 2025. ECF No. 1. But he did not provide an address for the United States Marshall Services ("USMS") to effectuate service on Defendants Brant and Johnson. On April 21, 2025, the Court ordered VanLeer to provide the addresses within 30 days, warning that failure to comply with the order may result in dismissal of those individuals from the case. ECF No. 6, PageID.12-13. VanLeer did not respond. On October 23, 2025, USMS filed a "Notice of

Reasonable Effort Search" for Defendants Alton Johnson and Robert Brant. ECF No. 31, PageID.139-40; *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 939 (E.D. Mich. Fe. 12, 2004)(Cleland, J.) (noting that USMS' failure to use "reasonable efforts" to locate and serve defendants may constitute "good cause" under Rule 4(m) to extend the time for service beyond 90 days). The USMS explained that public database searches produced no results for Brant or Johnson, and "Google and social media searches revealed numerous persons named Robert Brant and Alton Johnson living in the state of Michigan." ECF No. 31, PageID.141. Because the Court and the USMS have been trying to serve Brant and Johnson since April 2025, Magistrate Judge Stafford deemed that further extending the service period would not be "appropriate." ECF No. 34, PageID.173.

Therefore, Magistrate Judge Stafford recommended that the claims against Brant and Johnson be dismissed without prejudice. *See* Fed. R. Civ. P. 4(m) (dismissal under this rule is without prejudice). Neither party has objected to this recommendation.

### B. Failure to Exhaust Administrative Remedy

Also on December 8, 2025, Judge Stafford recommended dismissing VanLeer's claims about the alleged denial of medical care, retaliation, and withholding of property because he failed to exhaust them but held that VanLeer's claims of wrongful incarceration for fabricated parole violations should proceed. ECF No. 35, PageID.186.

Defendants McKinney, Shell, Ford, Vann, Raleigh, Fallon, Newland, Shipman, Dungy, and Jennings moved for summary judgment for failure to exhaust administrative remedies. ECF Nos. 12 & 18. VanLeer filed a motion opposing Defendants' motions. ECF No. 21.

Plaintiff alleged that the administrative remedy system was "unavailable" to him because he was physically assaulted for filing grievances. Magistrate Judge Stafford found that "VanLeer's allegations of physical assault are too vague to raise factual questions about whether he tried to grieve the conduct litigated here or whether the grievance process was unavailable." ECF No. 35, PageID.182. And, because VanLeer filed eight Step I grievances between September and December 2023, Judge Stafford noted that "the process was clearly available to [him]." *Id.* at PageID.183.

Plaintiff also argued he was placed on modified access to the grievance process between October 25, 2023 and January 23, 2024, which excused him from exhausting his remedies through Step III. *See Cary v. Eaton*, No. 11-CV-13151, 2011 WL 4916676, at *2 (E.D. Mich. Oct. 17, 2011) ("[I]f a prisoner on modified access attempts to file a grievance, but is prevented from doing so because the grievance is deemed non-meritorious, the prisoner has exhausted all available administrative remedies as required by § 1997e(a)."); *see also Sedore v. Nagy*, No. 1:19-cv-61, 2019 WL 8723746, at *7 (W.D. Mich. Nov. 26, 2019), *adopted*, 2020 WL 1025508 (W.D. Mich. Mar. 3, 2020) ("If a prisoner on modified access

requests a grievance form, in a manner consistent with MDOC policy, denial of such a request constitutes exhaustion of available administrative remedies as to the claims or issues described in the grievance form request.").

The record shows that VanLeer filed 40 grievances during the almost 30-day period between September 26, 2023 and October 23, 2023, 22 of which were rejected, as a result of which he was placed on Modified Access starting on October 25, 2023. ECF No. 32, PageID.152-55. But Magistrate Judge Stafford rejected Plaintiff's argument because:

> VanLeer does not allege that he requested but was denied grievance forms and has not explained what he sought to grieve or when he tried to submit the grievance. ECF No. 21, PageID.83; ECF No. 29. Thus, he has not shown that he tried to comply with the grievance procedures but was prevented from doing so. *See Houston v. Sices*, No. 1:21-cv-947, 2022 WL 17070122, at \*2 (W.D. Mich. Oct. 3, 2022), *adopted*, 2022 WL 17042453 (W.D. Mich. Nov. 17, 2022) ("Plaintiff also has not alleged or shown that, while on modified access, he requested a Step I form from the Grievance Coordinator to file a grievance against Sices and that his request was denied.").

ECF No. 35, PageID.185.

Therefore, Magistrate Judge Stafford recommended that Defendants' motions be granted in part and denied in part (ECF Nos. 12 & 18) and that VanLeer's motion be denied (ECF No. 21). VanLeer's claims arising from the alleged denial of medical care, retaliation, and withholding of property should be dismissed without prejudice. But his

claims that he was wrongly incarcerated for parole violations should not be dismissed because such claims challenge the fact or duration of confinement, which is not subject to the exhaustion requirement.

### C. Objections

Plaintiff filed one specific objection to the second Report and Recommendation dismissing claims for failure to exhaust the administrative remedy, arguing that "there is new evidence that reasonably demonstrates that plaintiff did in fact pursue with filing step I grievance." ECF No. 40, PageID.232.

The alleged new evidence consists of three exhibits showing that he filed multiple Step I grievances in September and October 2023. *See* Exhibits 1A-3A, ECF No. 39. In chronological order, Exhibit 1A shows that Plaintiff filed a Step I Grievance Complaint regarding medical care denial, which was received on September 19, 2023, procedurally rejected on September 25, 2023, and returned to Plaintiff on October 3, 2023. ECF No. 39, PageID.211-15. Exhibit 3A shows that Plaintiff filed a different Step I Grievance Complaint regarding medical care denial and assault, which was also received on September 19, 2023, denied on September 25, 2023 on the merits, and returned to Plaintiff on October 3, 2023. ECF No. 39, PageID.224-25. Exhibit 2A also includes a Step I Grievance Complaint dated September 19, 2023 regarding denial of medical care during transport, which does not appear to have been filed or received by MDOC. ECF No. 39, PageID.222. Finally, Exhibit 2A shows that Plaintiff

7

filed a Step I Grievance Complaint regarding medical care denial and assault, which was received on October 2, 2023, procedurally rejected on October 5, 2023 as untimely, reviewed on October 13, 2023, and returned to Plaintiff on October 19, 2023. ECF No. 39, PageID.217-21.

Plaintiff also attached an affidavit from Kimberly Wellons, a close friend of VanLeer, who stated that Plaintiff sent her copies of the exhibits back in 2023 for her to hold for any future need because he believed he was being set up for failure and did not trust the administration at either facility. Exhibit 4, ECF No. 39, PageID.227-28. VanLeer asked Wellons for a copy of the grievances on December 15, 2025. *Id.*

## II. LEGAL STANDARD

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1).

Where neither party specifically objects to the report, the district court is not obligated to independently review the record. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (noting that failure to object waives further review of a district court's adoption of the Report and Recommendation).

But the district court will make a "de novo determination of those portions of the report . . . to which objection is made," *id.*, though it "need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party." *Ghaster v. City of Rocky River*,

913 F. Supp. 2d 443, 452 (N.D. Ohio 2012) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). General objections to a Magistrate Judge's determination "without explaining the source of the error" have "the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Similarly, "objections that merely restate arguments previously raised and considered [by the Magistrate Judge] do not require the Court to consider them." *Young v. Jindal*, No. 21-12170, 2023 WL 8190689, at *1 (E.D. Mich. Nov. 27, 2023)(Drain, J.); *see also Vasconez v. Langston Companies, Inc.*, 2021 WL 3124959, at *1 (W.D. Tenn. July 23, 2021) ("[W]here a party's objections are simply a repetition of the arguments he or she made to the magistrate judge, a de novo review is not warranted.").

Whether to consider new evidence submitted for the first time on an objection to a magistrate judge's Report and Recommendation is within the district court's discretion. *Morse v. Specialized Loan Servicing, LLC*, No. 2:16-CV-689, 2018 WL 1725693, at *2 (S.D. Ohio Apr. 10, 2018); *Muhammed v. Close*, No. 08-1944, 2009 WL 8755520, at *1 (6th Cir. Apr. 20, 2009) ("[T]he fact that the [evidence] had not been presented to the magistrate judge was a sufficient reason [for the district court] to disregard the [evidence]."). But allowing new evidence for the first time on objection is disfavored, and the discretion to accept new evidence "must be exercised sparingly," otherwise "the magistrate's role [would be] reduced to that of a mere dress rehearser if a party were allowed to feint

9

and weave at the initial hearing, and save its knockout punch for the second round." *Morse*, 2018 WL 1725693, at \*2 (citations omitted).

### III. DISCUSSION

#### A. First Report and Recommendation (ECF No. 34)

Where neither party specifically objects to the report, the district court is not obligated to independently review the record. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (noting that failure to object waives further review of a district court's adoption of the Report and Recommendation). The Court has reviewed Magistrate Judge Stafford's first Report and Recommendation (ECF No. 34) and finds that it is well-reasoned and supported by the applicable law. The Court will, therefore, accept Judge Stafford's first Report and Recommendation of December 8, 2025 (ECF No. 34) as its findings of fact and conclusions of law. Accordingly, it is hereby **ORDERED** that Judge Stafford's December 8, 2025 Report and Recommendation (ECF No. 34) is **ACCEPTED** and **ADOPTED**. It is **FURTHER ORDERED** that Defendants Brant and Johnson are **DISMISSED** from the action.

#### B. Second Report and Recommendation (ECF No. 35)

Plaintiff argues that, based on allegedly "new evidence," he has demonstrated that he exhausted his administrative remedies, such that Defendants' Motions for Summary Judgment (ECF Nos. 12 & 18) should be denied. *See* ECF No. 40.

As explained above, this Court has discretion to consider evidence presented for the first time in a party's objection, though doing so is disfavored. *See Morse*, 2018 WL 1725693, at \*2. Plaintiff's assertion that the evidence was not previously available is unpersuasive, because the affidavit Plaintiff relies on shows that he sent the exhibits to his friend Kimberly Wellons some time in 2023, and only asked her to send the documents back to him in December 2025. *See* Exhibit 4A, ECF No. 39, PageID.227-28. It thus appears that Plaintiff could have had access to these exhibits before he filed his Motion in Opposition (ECF No. 21) on July 8, 2025. Plaintiff does not explain why he did not have Ms. Wellons send the documents back to him so that they could have been considered by the Magistrate Judge.

But in any event, the Court will consider the "new evidence" to determine whether it supports Plaintiff's conclusion that he has exhausted his administrative remedies. The record suggests Plaintiff was placed on Modified Access starting on October 25, 2023. *See* ECF No. 32, PageID.152-55. While on modified access,

> [T]he prisoner or parolee shall be able to obtain grievance forms only through the Step I Grievance Coordinator. A grievance form shall be provided if the Step I Grievance Coordinator determines that the issue the prisoner or parolee wishes to grieve is grievable and otherwise meets the criteria outlined in this policy. The Grievance Coordinator shall maintain a record of requests received for grievance forms and whether the request was approved or denied and, if denied, the reason for the denial. If a prisoner or parolee on modified

11

access attempts to file a grievance using a form not provided by the Grievance Coordinator, the Grievance Coordinator may reject the grievance in accordance with Paragraph P. The Warden, FOA Region Manager, or Manager of the Grievance Section may extend the prisoner's or parolee's modified access status for not more than an additional 30 days for each violation. Notification of such extensions shall be consistent with the requirements set forth in Paragraphs QQ and RR.

MDOC Policy Directive (PD) 03.02.130 (eff. Sep. 25, 2023), ECF No. 12-3, PageID.59, ¶ SS. As Magistrate Judge Stafford and Plaintiff both noted, "if a prisoner on modified access attempts to file a grievance, but is prevented from doing so because the grievance is deemed non-meritorious, the prisoner has exhausted all available administrative remedies as required by § 1997e(a)." *Cary v. Eaton*, No. 11-CV-13151, 2011 WL 4916676, at *2 (E.D. Mich. Oct. 17, 2011)(Cox, J.); *see also Sedore v. Nagy*, No. 1:19-cv-61, 2019 WL 8723746, at *7 (W.D. Mich. Nov. 26, 2019), *adopted*, 2020 WL 1025508 (W.D. Mich. Mar. 3, 2020) ("If a prisoner on modified access requests a grievance form, in a manner consistent with MDOC policy, denial of such a request constitutes exhaustion of available administrative remedies as to the claims or issues described in the grievance form request."); *Dawson v. Norwood*, No. 1:06-CV-914, 2007 WL 3302102, at *2 ("Because Plaintiff was on modified access he does not have to file and appeal a grievance in order to have exhausted his available administrative remedies. Plaintiff must demonstrate that he attempted to file a grievance which was deemed non-meritorious.").

12

Relying on *Cary*, *Sedore*, and *Norwood*, Plaintiff objects to Magistrate Judge Stafford's Report and Recommendation on the basis that "there is new evidence that reasonably demonstrates that plaintiff did in fact pursue with filing step I grievance." ECF No. 40, PageID.232. The problem is that none of the alleged "new evidence" shows that Plaintiff "attempt[ed] to file a grievance" *during the time period when he was placed on modified access. See Sedore*, 2019 WL 8723746, at *7 ("Plaintiff's placement on modified grievance access status is irrelevant to Plaintiff's other remaining claims, however, because all occurred well before Plaintiff was placed on modified access status.").

All three of the Step I Grievance forms that Plaintiff attached to his objection were received by MDOC *before* he was placed on Modified Access on October 25, 2023, with Exhibits 1A and 3A received on September 19, 2023, and Exhibit 2A on October 2, 2023. Plaintiff even acknowledged that he filed Step I grievances regarding the "heinous assaults that occurred at the MRF institution on September 15, 2023 . . . before he was placed on modified access on October 23, 2023." ECF No. 40, PageID.245-46.

Moreover, an examination of these exhibits does not support Plaintiff's allegation that he "never received a respective response . . . from neither MRF nor RFC grievance coordinators." ECF No. 40, PageID.232. The MDOC responded to the Step I Grievances on September 25, 2023 (Exhibit 1A and 3A) and October 5, 2023 (Exhibit

2A), *before* Plaintiff was placed on Modified Access on October 25, 2023. Plaintiff acknowledged the same: "despite Plaintiff's efforts of vigorously complaining and challenging these issues . . . through the Step I Grievance procedure (as the new evidence shows), after responses were issued, Plaintiff was then placed on modified access status." ECF No. 40, PageID.246.

Because he received responses to the pre-modified-access Step I grievances, Plaintiff was required to file Step II grievances within 10 business days. ECF No. 12-2, PageID.48, ¶ DD (eff. Mar. 18, 2019); ECF No. 12-3, PageID.57, ¶ JJ (eff. Sep. 25, 2023). Using the date the Step I responses were returned to Plaintiff, he had until October 17, 2023 (Exhibit 1A and 3A) and November 2, 2023 (Exhibit 2A) to file Step II Grievances. But Plaintiff does not claim that he requested Step II forms for those pre-modified-access Step I grievances "which were filed and denied before Plaintiff was placed on modified access." *See Sango v. Burt*, No. 1:19-CV-729, 2020 WL 4288658, at *3 (W.D. Mich. June 29, 2020), *report and recommendation adopted*, No. 1:19-CV-729, 2020 WL 4284578 (W.D. Mich. July 27, 2020) (rejecting argument that Plaintiff should be deemed to have exhausted his claims after filing a Step I grievance which was denied before he was placed on modified access). And nothing suggests that Plaintiff could not request Step II appeal forms for his pre-modified-access Step I grievances, either before or during the Modified Access period. *See id.* (noting that according to MDOC,

14

"modified access status does not preclude a prisoner from pursuing a pre-modified-access Step I grievance to Steps II or III. . . . That is, a prisoner on modified access does not need permission to file a Step II or Step III appeal in that instance.").

Thus, "[d]espite having access to the grievance system, [Plaintiff] failed to appeal any relevant grievance to Step [II] and thus failed to exhaust his available administrative remedies." *See Adams v. Hoffman*, No. 2:23-CV-186, 2024 WL 4993033, at \*7 (W.D. Mich. Nov. 6, 2024), *report and recommendation adopted*, No. 2:23-CV-186, 2024 WL 4989286 (W.D. Mich. Dec. 5, 2024). Therefore, Plaintiff's objection in his "Motion to Reconsider" (ECF No. 40) must be **OVERRULED**.

The Court finds that Magistrate Judge Stafford's second Report and Recommendation (ECF No. 35) is well-reasoned and supported by the applicable law. The Court will, therefore, accept Judge Stafford's second Report and Recommendation of December 8, 2025 (ECF No. 35) as its findings of fact and conclusions of law. Accordingly, it is hereby **ORDERED** that Judge Stafford's December 8, 2025 Report and Recommendation (ECF No. 35) is **ACCEPTED** and **ADOPTED**. It is **FURTHER ORDERED** that Defendants' Motions for Summary Judgment be **GRANTED IN PART** and **DENIED IN PART** (ECF Nos. 12 & 18) and that VanLeer's Motion in Opposition be **DENIED** (ECF No. 21). VanLeer's claims arising from the alleged denial of medical care, retaliation, and withholding of property will be **DISMISSED WITHOUT**

**PREJUDICE**. But his claims that he was wrongly incarcerated for parole violations will not be dismissed because such claims challenge the fact or duration of confinement, which is not subject to the exhaustion requirement.

### IV. CONCLUSION

For the aforementioned reasons, it is hereby **ORDERED** that Plaintiff's objection (ECF No. 21) is **OVERRULED** and that both of Judge Stafford's Reports and Recommendations dated December 8, 2025 (ECF Nos. 34 & 35) are **ACCEPTED** and **ADOPTED**.

It is **FURTHER ORDERED** that Defendants Brant and Johnson are **DISMISSED** from the action.

It is **FURTHER ORDERED** that Defendants' Motions for Summary Judgment are **GRANTED IN PART** and **DENIED IN PART** (ECF Nos. 12 & 18) and that VanLeer's Motion in Opposition is **DENIED** (ECF No. 21). VanLeer's claims arising from the alleged denial of medical care, retaliation, and withholding of property are **DISMISSED WITHOUT PREJUDICE**. VanLeer's claims that he was wrongly incarcerated for parole violations remain.

**SO ORDERED**.

Dated: March 24, 2026                 /s/Terrence G. Berg
                                      TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE

16