UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BERNARION VANLEER,**<br>Plaintiff,<br>v.<br>**R. MCKINNEY, *et al.*,**<br>Defendants. | **2:25-CV-10861-TGB-EAS**<br>HON. TERRENCE G. BERG<br>**ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION (ECF NO. 52)** |

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's April 13, 2026 Report and Recommendation (ECF No. 52) that certain defendants be dismissed from the action, namely Defendants Van, Shell, Raleigh, McKinney, Brown, Ford, Shipman, Dungy, and Jennings, and that any claims stemming from the alleged December 2023 false parole violations also be dismissed.

The Court has reviewed Judge Stafford's Report and Recommendation and finds that it is well-reasoned and supported by the applicable law.

Judge Stafford ordered Plaintiff to "show cause" why the specific defendants and claim should not be dismissed, first on February 26, 2026 (ECF No. 44), and again on March 12, 2026, with a response date extended to April 2, 2026 (ECF No. 47). Plaintiff acknowledged receiving the Order to Show Cause on March 19, 2026, at which time he still had 14 days to

file a response. Nonetheless, Plaintiff filed a motion to extend the deadline to respond (ECF No. 49), which Judge Stafford denied on the merits, finding there was no good cause for the extension (ECF No. 51).

The same day, Judge Stafford issued the instant Report and Recommendation. ECF No. 52. She recommended:

> (1) Dismissing the claims against Van, Shell, and Raleigh because they were allegedly involved only in the denial of medical care and retaliation for requesting medical care, which claims had previously been dismissed for failure to exhaust remedies;
>
> (2) Dismissing the claims against McKinney, Brown, Ford, Shipman, Dungy, and Jennings because they were never named in the body of the complaint, and VanLeer has not alleged their personal involvement in any constitutional violation;
>
> (3) Dismissing any claim stemming from the alleged December 2023 false parole violations must also be dismissed, as VanLeer does not allege the personal involvement of any defendant;
>
> (4) Proceeding with the claims that Defendants Fallon and Newland fabricated false parole violations against VanLeer in September 2023.

*Id.* at PageID.305-06.

Judge Stafford explained that pursuant to 28 U.S.C. § 636(b)(1), "[w]ithin 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations." ECF No. 52, PageID.306. But Plaintiff did not file any objections to the Report. Where, as here, neither party has specifically objected to the report, the district court is not obligated to independently review the record. *See Thomas v. Arn*, 474 U.S. 140, 149–52

(1985).

It is worth noting, however, that on May 29, 2026, Plaintiff filed a Response to the Order to Show Cause. ECF No. 57 ("[T]his Motion answers the Court's March 12, 2026 Show Cause Order relative to the December 2023 false parole violations."). The Response fails to address Judge Stafford's concerns regarding Defendants Van, Shell, Raleigh, McKinney, Brown, Ford, Shipman, Dungy, and Jennings. Nevertheless, the Response does allege that Defendants Fallon and Newland were involved in the December 2023 false parole violations, ECF No. 57, PageID.333, directly responding to Judge Stafford's concern that "VanLeer does not allege the personal involvement of any defendant" regarding the December 2023 false parole violations. ECF No. 52, PageID.305. Specifically, VanLeer claims that (1) Fallon falsely accused Plaintiff to have violated his parole by failing to report to him on December 14, 2023, and (2) Newland negligently authorized the false parole violation as Fallon's supervisor.

The filing is obviously untimely, both as a Response to the Order to Show Cause, and as an Objection to the Report and Recommendation. Thus, this Court is not required to consider it, and Judge Stafford's Report and Recommendation could be accepted and adopted as is based on VanLeer's failure to timely respond to the Order to Show Cause and object to the Report and Recommendation.

At the same time, Judge Stafford has recommended that VanLeer's claims regarding Defendants Fallon and Newland having allegedly

fabricated false parole violations against VanLeer in *September 2023* should proceed. In this late-filed "Response to the Order to Show Cause," Plaintiff does specifically allege that Fallon and Newland were also directly involved in the *December 2023* false parole violations, ECF No. 57, PageID.333. This information was not before Judge Stafford when she made her recommendation that the December 2023 claims be dismissed because no defendant was specifically alleged to be involved. Given that this case will proceed regarding Plaintiff's claims concerning the September 2023 parole violation conduct by Defendants Fallon and Newland, it seems consistent with notions of due process and fairness to allow Plaintiff to also present evidence regarding the December 2023 parole violation conduct by these same two remaining defendants. Allowing the evidence of the December 2023 claims to be presented will cause no undue burden or prejudice to the defendants, who are already responding to similar claims.

Accordingly, it is hereby **ORDERED** that Judge Stafford's Report and Recommendation of April 13, 2026 (ECF No. 52), is **ACCEPTED AND ADOPTED IN PART** and **MODIFIED IN PART**.

It is **ORDERED** that Defendants Van, Shell, Raleigh, McKinney, Brown, Ford, Shipman, Dungy, and Jennings are **DISMISSED** from the action.

The claims stemming from both the alleged September 2023 false parole violations and the alleged December 2023 false parole violations

may proceed against Defendants Fallon and Newland only.

**SO ORDERED**.

Dated: August 14, 2026

/s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE